UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

W.R. GRACE & CO. – CONN.,

                Plaintiff,

v.                                    **DECISION AND ORDER**
                                          98-CV-838S

ZOTOS INTERNATIONAL, INC.,

                Defendant.

## I. INTRODUCTION

Plaintiff W.R. Grace & Co.-Conn. ("Grace") is the current owner of a parcel of property on Brewer Road in Waterloo, New York ("Brewer Road Site" or "the Site") where hazardous waste was deposited over fifty years ago. Grace commenced this action on December 30, 1998, pursuant to section 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f), the Declaratory Judgment Act, 28 U.S.C. § 2201, and New York law, seeking contribution from Defendant Zotos International, Inc. ("Zotos") for costs incurred in connection with Grace's investigation and remediation of contamination at the Site.

## II. BACKGROUND

A non-jury trial on the issue of liability was held before this Court on May 17, 19, 20, 21, 24, 25 and 26, 2004. The parties introduced approximately four hundred exhibits and each offered lay and expert witness testimony. Following the trial, each party submitted a post-hearing brief, a responding brief, and a brief on the evidentiary issues raised at trial. Each party also prepared proposed findings of fact and conclusions of law for the Court's consideration.

On December 15, 2004, Zotos filed a Notice of Recent Decision of the United States

Supreme Court in Cooper Industries, Inc. v. Aviall Services, Inc., 543 U.S. 157 (2004),[1] and requested that the parties be given the opportunity to brief the significance of Cooper to the liability issues in this case. Grace joined in Zotos' request by filing a Motion for Supplemental Briefing on Liability Issues. The requests were granted and each party submitted a supplemental and reply brief.

By Decision and Order dated May 3, 2005 (Docket No. 205), this Court examined Cooper and concluded that Grace could not maintain a contribution claim under § 113(f) of CERCLA.

Grace appealed, urging that it was entitled to seek contribution under § 113(f)(3)(B). Alternatively, Grace argued for the first time on appeal that it was entitled to cost recovery pursuant to § 107(a)(4)(B) of CERCLA.

The Second Circuit affirmed this Court's May 3, 2005 ruling with respect to § 113(f), and remanded for further proceedings on the ground that Grace could maintain a cause of action to pursue necessary costs under § 107. See W.R. Grace & Co.-Conn. v. Zotos Intern., Inc., 559 F.3d 85 (2d Cir. 2009).

Following a status conference on May 1, 2009, Grace filed a Second Amended Complaint (Docket No. 218) on May 15, 2009, to reflect the new statutory basis under which it now pursues recovery. Zotos filed an Answer and Counterclaim for contribution under § 113(f). (Docket No. 219.) Grace answered the Counterclaim on June 15, 2009. (Docket No. 220.)

Presently, Grace requests that this Court hold Zotos liable under CERCLA §

---

[1] The Cooper court held that a party can bring a contribution action under § 113(f)(1) of CERCLA only if a civil action has been initiated against it pursuant to Section 106 or 107 of the statute.

2

107(a)(3), 42 U.S.C. § 9607(a)(3) for the response costs at the Site in an amount to be determined during the damages phase of this case.

### III. DISCUSSION

#### A. Closing Arguments

At the May 1, 2009 status conference, both attorneys stated their desire to present closing arguments, which were not scheduled at the conclusion of the bench trial. In their briefs, both counsel rely on the trial record and their existing findings, as informed by their prior briefs and one supplemental Supreme Court case that has been fully briefed. Given the number of years that have passed since trial and the new issue presented for determination in this case, this Court finds that both parties should submit written closing arguments no later than sixty days (60) from the date of entry of this Order.

#### B. Applicable Legal Standard

Additionally, it has come to this Court's attention that the parties have not agreed upon a legal criteria to apply in this case in light of the Supreme Court's decision in Burlington Northern and Santa Fe Ry. Co. v. United States, 556 U.S. 599 (2009), which was decided while this case was pending on appeal.

The Burlington Northern court considered whether Shell Oil was properly held liable as an entity that had "arranged for the disposal" of hazardous substances within the meaning of CERCLA § 107 when it sold a product containing hazardous materials to a distributor, and that distributor regularly spilled some of that product during transport. In finding that Shell was not liable as an arranger, the Supreme Court clarified that arranger liability attaches only where an entity "takes intentional steps to dispose of a hazardous substance." 556 U.S. at 600. It concluded, "[i]n order to qualify as an arranger, Shell must

3

have entered into the sale of [its product] with the intention that at least a portion of the product be disposed of during the transfer process by one or more of the methods described in [CERCLA]." Id. at 612. Thus, for liability to attach, Shell must have intended "that at least a portion of the product be disposed of during the transfer process," and mere knowledge that the spills occurred, without more, was an insufficient basis to find that Shell had arranged for disposal. Id.

In its supplemental brief dated June 25, 2009, Grace purports that the case law relied on its post-trial brief, which appear to encompass a broader definition of arranger liability,[2] remain valid under Burlington Northern. (Docket No. 221.) In response, Zotos contends that the decisions cited by Grace are no longer authoritative under Burlington Northern, and that the Second Circuit's decision in General Electric Company v. AAMCO Transmissions, Inc., 962 F.2d 281 (2d Cir. 1992), is restricted in scope by Burlington's holding. (Docket No. 222.)

It has been three years since supplemental briefs were filed, and the parties maintain sharply differing views concerning the persuasiveness of the evidence offered by each party in this case. Grace and Zotos are therefore requested to submit additional briefing on the following recent cases to assist the Court in determining the legal standard to be applied: U.S. v. General Elec. Co., 670 F.3d 377 (1st Cir. 2012); Team Enterprises, LLC v. Western Investment Real Estate Trust, 647 F.3d 901 (9th Cir. 2011); Schiavone v. Northeast Utilities Service Co., No. 08-CV-429, 2011 WL 1106228 (D. Conn. March 22,

---

[2] See Cadillac Fairview/California, Inc. v. U.S., 41 F.3d 562 (9th Cir. 1994), Catellus Development Corporation v. U.S., 34 F.3d 748 (9th Cir. 1994), GenCorp, Inc. v. Olin Corp., 390 F.3d 433 (6th Cir. 2004), U.S. v. Aceto Agr. Chemicals Corp., 872 F.2d 1373 (8th Cir. 1989), U.S. v. Consolidated Rail Corp., 729 F.Supp. 1461 (D. Del. 1990).

2011); DVL, Inc. v. General Elec. Co., 811 F.Supp.2d 579 (N.D.N.Y. 2010); Appleton Papers Inc. v. George A. Whiting Paper Co., No. 08-C-15, 2012 WL 2704920 (E.D. Wis. July 3, 2012).

### IV. CONCLUSION

This Court sees the need for further clarification and proceedings in order to render its decision on the issue of arranger liability under CERCLA § 107. The parties are therefore directed to file closing arguments and supplemental briefs as described herein no later than **sixty (60)** days from date of entry of this Order. Oral argument may be scheduled if it is deemed necessary by the Court.

SO ORDERED.

Dated: September 14, 2012
       Buffalo, New York

                                /s/William M. Skretny
                               WILLIAM M. SKRETNY
                                    Chief Judge
                            United States District Court